UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROLYN D. ROSS,<br><br>        PLAINTIFF,<br><br>v.<br><br>COX RHODE ISLAND TELECOM, LLC<br>D/B/A COX COMMUNICATIONS, ALIAS,<br>AND COXCOM, LLC, D/B/A COX<br>COMMUNICATIONS NEW ENGLAND,<br>ALIAS,<br><br>        DEFENDANTS. | CIVIL ACTION NO. 21-CV-00118-JJM-LDA |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S MEDICAL RECORDS**

Pursuant to Federal Rules of Civil Procedure 37(a) and LR Cv 7 and 37, Defendants Cox Rhode Island Telecom, LLC d/b/a Cox Communications, alias, ("Cox Rhode Island") and CoxCom, LLC d/b/a Cox Communications New England, alias ("CoxCom") (collectively, "Defendants")[1] move this Court to compel Plaintiff Carolyn D. Ross ("Plaintiff") to execute medical authorizations to allow Defendants to obtain her medical records within twenty-one (21) days of a decision on this Motion, or such other time as the Court deems appropriate.[2]

I.    INTRODUCTION

Defendants seek information and documents related to Plaintiff's medical history, such as a list of her health care practitioners, medications, medical records, including chiropractic and psychological records, and medical and psychological bills from January 1, 2016 to the present.

---

[1] Plaintiff was employed by CoxCom, LLC and not by Cox Rhode Island Telecom, LLC. Cox Rhode Island Telecom, LLC is not a proper defendant in this case.

[2] Defendants are seeking to compel Plaintiff's Answers to Interrogatories Nos. 3 and 4, and Plaintiff's Response to Defendants' Request for Production Requests Nos. 22, 23, 38, and 39. *See* Plaintiff's Response to Defendants' Interrogatories and Plaintiff's Response to Defendant's Request for Production of Documents.

To obtain this information, Defendants seek executed copies of medical and psychiatric authorizations forms from Plaintiff.[3] Plaintiff, who alleges she was terminated because of her age, seeks damages, including "pain and suffering, emotional distress, loss of enjoyment of life, humiliation, damage to Plaintiff's professional and personal reputation." (Plaintiff's Amended Complaint ("Compl."), ¶ 75 (Doc. 6)).

On September 27, 2021, Defendants served their First Set of Requests for Production of Documents ("RFPD") and First Set of Interrogatories (the "Interrogatories") on Plaintiff, in which Defendants' requested certain medical records. On November 29, 2021, Plaintiff served her Responses to the RFPD and the Interrogatories. (Attached as *Exhibits A & B* are relevant portions of Plaintiff's responses to Defendants' discovery requests). Plaintiff has outright refused to provide Defendants with any medical records or information related to her health care providers. Once a party puts their emotional condition at issue, medical records become relevant and discoverable. To the extent Plaintiff is concerned about confidentiality, Defendants are willing to agree to a protective order. The parties met and conferred regarding this discovery dispute, but Plaintiff refused to provide any information regarding her health care providers or produce her medical records. As such, Defendants had no choice but to file the instant motion to compel.

---

[3] This Court has the power to compel a party to authorize the release of their medical records to an opposing party where the records contain discoverable material. *See, e.g., Dodge v. Signature Flight Support Corp.*, 509 F. Supp. 3d 1, 2-3 (D. Mass. 2020) ("The Court has the power to compel parties to authorize the release of medical records to an opposing party where the records contain discoverable material.").

## II.   ARGUMENT

### A. Plaintiff has placed her medical history at issue by seeking damages for emotional distress.

#### 1. Plaintiff's medical records are relevant, non-privileged information that is discoverable.

Pursuant to Fed. R. Civ. P. 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Plaintiff's objections to the production of her medical records as irrelevant are without merit because the records became relevant once she placed her emotional condition at issue. *See Davis v. Amica Mut. Ins. Co.*, No. 14-228-M, 2015 U.S. Dist. LEXIS 15622, at *10 (D.R.I. Feb. 3, 2015) (requiring the production of mental health records because "they may reveal that the claimant's mental and emotional distress was caused by prior, unrelated events."). Contrary to what Plaintiff has asserted in her discovery responses,[4] Rhode Island law does not recognize the "physician/counselor-patient" or "psychotherapist-patient" privileges. *See, e.g., Lewis v. Roderick*, 617 A.2d 119, 121 (R.I. 1992) (the "Legislature intended that the [patient-physician] privilege automatically be waived when a [party] . . . elects to . . . puts his or her medical condition at issue").

Defendants are entitled to the requested medical records in order to evaluate Plaintiff's alleged emotional distress injury and related damages. *See EEOC v. Kohl's Dep't Stores, Inc.,* No. 2:11–cv–320–JAW, 2012 WL 639693, at *2 (D. Me. Feb. 27, 2012) (employer properly sought medical records to explore claimed emotional distress damages); *EEOC v. Sheffield Fin. LLC,* No.

---

[4] In response to several discovery requests, Plaintiff objected based on the "physician-patient privilege, therapist-patient privilege, and any other applicable privilege." *See, e.g.* Plaintiff's Response to Defendant's Request for Production of Documents Nos., 22, 23, 38, and 39. Similarly, Plaintiff asserted the following objections in response to various interrogatories, "Plaintiff objects to the extent any of the documents sought are protected by the physician/counselor-patient privilege and/or any other applicable privileges." *See, e.g.* Plaintiff's Response to Defendants' Interrogatories Nos. 3 and 4. The privileges Plaintiff relies upon are not recognized in Rhode Island.

1:06CV00889, 2007 WL 1726560, at *7 (M.D.N.C. June 13, 2007) ("[C]ourts overwhelmingly hold that employers are entitled to Rule 26 discovery of medical records even in so-called 'garden-variety' employment cases where plaintiffs allege damages due to emotional distress"); *Stark v. Hartt Transp. Sys., Inc.*, No. 2:12-CV-195-NT, 2013 WL 358266, at *5 (D. Me. Jan. 28, 2013) (defendant was entitled to plaintiff's medical records to defend against plaintiff's claim for emotional distress damages). There is no valid reason for Plaintiff's refusal to provide the information and documents requested by Defendants.

        2.     <u>Plaintiff's alleged privacy interests are outweighed by Defendants' need for her medical records and such concerns can be resolved through the use of a protective order.</u>

Plaintiff has alleged that she suffered emotional distress as a result of her employment with CoxCom. *See* Plaintiff's Answer to Interrogatory No. 2. The requested information is directly related to this matter because it is necessary for Defendants to evaluate Plaintiff's damages. Any privacy concerns are outweighed by Defendants' need for the information. *See, e.g., Ashman v. Solectron Corp.*, No. C-08-01430-HRL, 2009 WL 1684725, at *3 (N.D. Cal. June 12, 2009) ("courts ordinarily balance a claimed privacy right against the need for the information; and, disclosure of personnel files have been ordered where the stated need for the documents outweighs privacy interests"); *Bratt v. IBM Corp.,* 392 Mass. 508, 520-521 (1984) ("[i]n evaluating whether the information sought from employees could amount to an unreasonable interference with their right of privacy, . . . the employer's legitimate interest in determining the employees' effectiveness in their jobs should be balanced against the seriousness of the intrusion on the employees' privacy"). In light of the fact that Plaintiff was employed by CoxCom since 1985, the limited timeframe – January 1, 2016 to the present – is reasonable in order to evaluate Plaintiff's alleged emotional distress damages. *See, e.g., Riley v. Gen. Emp. Enters.*, No. CIV.A. 04-12318-RWZ,

2006 WL 1344085, at *1 (D. Mass. May 16, 2006) (compelling the plaintiff's medical and psychiatric records to determine whether the plaintiff's emotional distress resulted from pre-existing conditions and not from the defendant's alleged misconduct).

Here, the balancing of interests weighs decidedly in favor of the disclosure of Plaintiff's medical records. "By directly linking the defendant's liability and her allegedly severe emotional distress to the issue of her mental health, the plaintiff has made her present and past condition a critical issue in this case and the defendant simply cannot be expected to defend itself against such claims without access to information regarding her treatment history." *Cherkaoui v. Quincy*, No. 14-CV-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015) (granting former employer's request to have plaintiff execute releases for medical records). Any possible privacy interests must give way to Defendants' right to a fair trial and to the public policy favoring liberal discovery. To the extent necessary, Defendants are willing to agree to a protective order specifically designed to alleviate Plaintiff's privacy concerns.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Compel and require that Plaintiff execute authorizations within twenty-one (21) days of a decision on this Motion or such other time as the Court may deem proper.

COX RHODE ISLAND TELECOM, LLC D/B/A COX COMMUNICATIONS, ALIAS, AND COXCOM, LLC, D/B/A COX COMMUNICATIONS NEW ENGLAND, ALIAS

By their attorneys,

/s/ *Eric B. Mack*
Eric B. Mack (#7784)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (facsimile)
emack@littler.com

Dated:  March 11, 2022

## **CERTIFICATE OF SERVICE**

I, Eric B. Mack, certify that a true and accurate copy of the foregoing document was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel of record on this <u>11th</u> day of March, 2022:

Richard A. Sinapi, Esq.
Chloe A. Davis, Esq.
Sinapi Law Associates, LTD
2374 Post Road, Suite 201
Warwick, RI  02886

/s/ *Eric B. Mack*
Eric B. Mack

4893-7411-4575.3 / 111727-1003